IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY )<br>INFORMATION CENTER )<br>1718 Connecticut Avenue, N.W. )<br>Suite 200 )<br>Washington, D.C. 20009, )<br>  )<br>  **Plaintiff,** )<br>  )<br>  v. )<br>  )<br>UNITED STATES )<br>DEPARTMENT OF JUSTICE )<br>950 Pennsylvania Avenue, N.W. )<br>Washington, D.C. 20230 )<br>  )<br>  **Defendant.** )<br>  ) | Civil Action No. _____ |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a) (2013), for injunctive and other appropriate relief, seeking the release of agency records requested by Plaintiff Electronic Privacy Information Center ("EPIC") on September 10, 2015, from Defendant United States Department of Justice ("DOJ").

2. Specifically, EPIC challenges the failure of the DOJ to disclose non-exempt records in response to EPIC's September 10, 2015, Freedom of Information Act Request ("EPIC FOIA Request"). EPIC's FOIA Request sought the European Union-United States "Umbrella Agreement" ("Agreement") regarding the transfer of personal data between law enforcement agencies in the United States and the European Union. The Agreement purportedly provides a framework for EU-US law enforcement cooperation. EPIC seeks an injunctive order requiring disclosure, as soon as practicable, of all responsive, non-exempt records.

1

**Jurisdiction and Venue**

3.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. §§ 552(a)(4)(A)(vii), (a)(4)(B), and (a)(6)(c)(i). This Court has personal jurisdiction over Defendant DOJ. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

4.  Plaintiff EPIC is a public-interest research organization incorporated as a 501(c)(3) non-profit corporation based in Washington, D.C. EPIC conducts government oversight and analyzes the impact of government programs on civil liberties and privacy interests. EPIC publishes books, reports, and bi-weekly newsletters. EPIC also maintains a popular privacy website, epic.org, where EPIC publishes educational resources about emerging privacy and civil liberties issues, including documents obtained from federal agencies under the FOIA. EPIC routinely disseminates information to the public through its website and through a bi-weekly electronic newsletter, the EPIC Alert, as well as other media outlets. EPIC is a representative of the news media.

5.  Defendant DOJ is a federal agency within the meaning of the FOIA, 5 U.S.C. § 552(f)(1). Defendant DOJ is headquartered in Washington, D.C.

**Facts**

**The EU-US Umbrella Agreement**

6.  The United States and European Union have prepared an "Umbrella Agreement," which purportedly provides a framework for the transfer of personal data between EU and US law enforcement agencies.[1]

---

[1] *See* European Commission Press Release STATEMENT/15/5610, Statement by EU Commissioner Věra Jourová on the finalization of the EU-US negotiations on the data protection "Umbrella Agreement" (Sept. 8, 2015), http://europa.eu/rapid/press-release_STATEMENT-15-5610_en.htm.

7.      The United States Congress is currently considering legislation that would implement key provisions of the Agreement, yet the text of the Agreement has not been made available to the public by any federal agency.

8.      The Agreement would require Congress to amend certain provisions of the federal Privacy Act of 1974.

9.      As a consequence of the Umbrella Agreement, Members of the United States Congress and the United States Senate introduced the Judicial Redress Act of 2015 ("the Act"). [2]

10.     The U.S. House of Representatives passed the Act on October 20, 2015. [3]

11.     The Act was introduced in the United States Senate on October 21, 2015, co-sponsored by Republican Senator Orrin Hatch of Utah and Democratic Senator Chris Murphy of Connecticut. [4]

12.     The Act is currently before the Senate Judiciary Committee. [5]

13.     No hearing was ever held on the Judicial Redress Act and no sponsor of the Act has made available the text of the EU-US Umbrella Agreement, which is the purported basis for the legislation.

14.     The stated aim of the negotiators is to ensure that the privacy protections and redress rights afforded to U.S. persons under the Privacy Act of 1974 are available to non-U.S. persons. However, the text of the Judicial Redress Act does not support this conclusion. The public release of the text of the Agreement is therefore critical to determine the reason for the legislation.

---

[2] Judicial Redress Act of 2015, H.R.1428, 114th Cong. (2015), *available at* https://www.congress.gov/bill/114th-congress/house-bill/1428.
[3] *Id*.
[4] Judicial Redress Act of 2015, S. 1600, 114th Cong. (2015), *available at* https://www.congress.gov/bill/114th-congress/senate-bill/1600.
[5] *Id*.

15. Subsequent to the announcement of the Agreement on September 8, 2015, the Court of Justice of the European Union issued a judgment on October 6, 2015, which held that a similar agreement, the Safe Harbor Arrangement of 2000, was invalid.[6]

16. U.S. and E.U. negotiators are currently engaged in discussions to address the consequences of the *Schrems* decision. The Agreement plays a significant role in this process.[7]

17. The European Union's Article 29 Working Party, composed of privacy officials across Europe, have set a January 2016 deadline for negotiators to create a new legal framework.[8]

18. The DOJ has withheld from the public the text of an agreement that is central to legislation currently pending before Congress and critical to a related negotiation between the United States and the European Union that implicates the fundamental rights of Americans and Europeans.

19. The public has not had the opportunity to assess the adequacy of the Agreement, nor has the public had the opportunity to participate meaningfully regarding the proposed amendments to the Privacy Act of 1974.

**EPIC's FOIA Request**

20. On September 10, 2015, EPIC submitted, via email, a FOIA Request to the DOJ FOIA/PA Mail Referral Unit at MRUFOIA.Requests@usdoj.gov,[9] while the Judicial Redress Act was pending before the House Judiciary Committee.

---

[6] Case C-362/14, *Schrems v. Data Protection Comm'r*, 2015 http://curia.europa.eu (Oct. 6, 2015).
[7] European Commission Statement SPEECH/15/5916, *Commissioner Jourová's Remarks on Safe Harbour EU Court of Justice Judgment before the Committee on Civil Liberties, Justice and Home Affairs (Libe)* (Oct. 26, 2015), http://europa.eu/rapid/press-release_SPEECH-15-5916_en.htm
[8] Statement of the Article 29 Working Party (Oct. 16, 2015), *available at* http://ec.europa.eu/justice/data-protection/article-29/press-material/press-release/art29_press_material/2015/20151016_wp29_statement_on_schrems_judgement.pdf.
[9] 28 C.F.R. § 16.1(a)(2) (providing a FOIA requester "may also send requests to the FOIA/PA Mail Referral Unit," including "via email to MRUFOIA.Requests@usdoj.gov," which "will forward the request to the component(s)" determined "most likely to maintain the records sought.").

21.     EPIC also submitted the FOIA Request to the Department of Homeland Security ("DHS") and the Department of State.

22.     EPIC's FOIA Request sought the EU-US Umbrella Agreement on the data protection framework for EU-US law enforcement cooperation.

23.     EPIC also sought "News Media" fee status as a "representative of the news media" under 5 U.S.C. § 552(4)(A)(ii).

24.     EPIC also sought a waiver of all duplication fees under 5 U.S.C. § 552(a)(4)(A)(iii), arguing that the requested documents would contribute significantly to public understanding of the privacy concerns arising from the Agreement, and more significantly, would afford the public a reasonable opportunity to scrutinize and discuss the adequacy of those privacy protections.

25.     EPIC requested expedited processing of the FOIA Request under 5 U.S.C. §§ 552(a)(6)(E)(v)(ii) and (a)(6)(E)(v)(iii), and 28 C.F.R. pt. 16.5(e)(1)(ii) and (e)(1)(iii).

26.     On October 7, 2015, the Department of State sent EPIC, via certified mail, a letter advising EPIC that the Department of State had referred EPIC's FOIA Request to the DOJ Criminal Division ("DOJ/CRM"), a component of the DOJ, and that the DOJ/CRM determined that they would handle EPIC's FOIA Request.

27.     On October 8, 2015, the DOJ/CRM sent EPIC, via email, a letter acknowledging receipt of EPIC's FOIA Request and assigning it the FOIA Reference Number CRM-300499975. The agency stated that it was facing "unusual circumstances" in processing the request. In the letter the agency also denied EPIC's request for expedited processing of the FOIA Request, but declined to make a determination on EPIC's fee waiver request.

28. On October 13, 2015, the DHS sent EPIC, via email, a letter advising that the DHS had referred EPIC's FOIA Request to the FOIA Office within the DOJ, which would process and respond to the Request.

29. On October 16, 2015, EPIC sent the DOJ, via email, a letter appealing the agency's determination to deny EPIC's request for expedited processing. In the Administrative Appeal, EPIC renewed the request for expedited processing.

30. The DOJ has not made any determination regarding EPIC's FOIA Request.

## EPIC's Constructive Exhaustion of Administrative Remedies

31. It has been 42 days since the DOJ received EPIC's FOIA Request.

32. The DOJ has failed to make a determination regarding EPIC's FOIA Request within the time period prescribed by 5 U.S.C. §§ 552(a)(6)(A)(i), (ii) and (a)(6)(E)(iii).

33. The DOJ's failure to make a determination within the statutory limit violates the FOIA.

34. EPIC has constructively exhausted all administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## Count I

### Violation of FOIA: Failure to Comply with Statutory Deadlines

35. Plaintiff asserts and incorporates by reference paragraphs 1-25.

36. Defendant DOJ has failed to make a determination regarding EPIC's FOIA Request within twenty business days, and has thus violated the deadline under 5 U.S.C. § 552(a)(6)(A)(i) and 28 C.F.R. § 16.5.

37. Plaintiff has constructively exhausted all applicable administrative remedies with respect to EPIC's FOIA Request.

### Count II

### Violation of FOIA: Failure to Grant Expedited Processing

38. Plaintiff asserts and incorporates by reference paragraphs 1-25.

39. EPIC is an organization primarily engaged in the dissemination of information; there is an urgency to inform the public about the Agreement.

40. Defendant DOJ has failed to grant EPIC's request for expedited processing of the FOIA Request to which EPIC is entitled under 5 U.S.C. §§ 552(a)(6)(A)(ii) and (a)(6)(E)(iii), and 28 C.F.R. pt. 16.5(e)(1)(ii) and (e)(1)(iv).

### Count III

### Violation of FOIA: Unlawful Withholding of Agency Records

41. Plaintiff asserts and incorporates by reference paragraphs 1-25.

42. Defendant has wrongfully withheld agency records requested by Plaintiff.

43. Plaintiff has constructively exhausted applicable administrative remedies with respect to Defendant's withholding of the requested records.

44. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

### Requested Relief

WHEREFORE, Plaintiff prays that this Court:

A. Order Defendant to conduct a reasonable search for all responsive records;

B. Order Defendant to disclose to Plaintiff, as soon as practicable, all responsive, non-exempt records;

C. Order Defendant to produce a *Vaughn* Index identifying any records or portions of records withheld, if such records exist, stating the statutory exemption claimed and

explaining how disclosure would damage the interests protected by the claimed exemption;

D. Order Defendant to produce the records sought without the assessment of search fees;

E. Order Defendant to grant Plaintiff's request for a fee waiver;

F. Award Plaintiff costs and reasonable attorneys' fees incurred in this action; and

G. Grant such other relief as the Court may deem just and proper.

Respectfully Submitted,

Marc Rotenberg, D.C. Bar # 422825
EPIC President

Alan Butler, D.C. Bar # 1012128
EPIC Senior Counsel

By: */s/ T. John Tran*
T. John Tran, D.C. Bar # 1027767
ELECTRONIC PRIVACY
INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated: November 4, 2015