# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ELECTRONIC PRIVACY INFORMATION CENTER** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 15-cv-01955 (TSC)** |
| **UNITED STATES DEPARTMENT OF JUSTICE** | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Electronic Privacy Information Center ("EPIC") respectfully moves for default judgment against Defendant United States Department of Justice ("DOJ") pursuant to Federal Rule of Civil Procedure 55(b)(2) for the reasons set forth in the accompanying Memorandum of Points and Authorities.

Respectfully submitted,

Marc Rotenberg, D.C. Bar # 422825
EPIC President

Alan Butler, D.C. Bar # 1012128
EPIC Senior Counsel

Dated: January 6, 2016

   /s/ T. John Tran
T. John Tran, D.C. Bar # 1027767
ELECTRONIC PRIVACY
INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ELECTRONIC PRIVACY INFORMATION CENTER** ) | |
| )  **Plaintiff,** ) | |
| **v.** ) | **Civil Action No. 15-cv-01955 (TSC)** |
| **UNITED STATES DEPARTMENT OF JUSTICE** ) | |
| )  **Defendant.** ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This case arises from a Freedom of Information Act ("FOIA") request submitted by the Electronic Privacy Information Center ("EPIC") on September 10, 2015 ("FOIA Request"). EPIC filed the FOIA Request to obtain a copy of the European Union-United States "Umbrella Agreement." The Umbrella Agreement concerns the transfer of personal data between law enforcement agencies in the United States and the European Union ("EU"). The Defendant United States Department of Justice ("DOJ") has yet to provide any response or determination regarding EPIC's FOIA Request as required under the FOIA. 5 U.S.C. § 552(a)(6)(A)(i); 28 C.F.R. § 16.5. The DOJ has also improperly denied EPIC's request for expedited processing and constructively denied EPIC's administrative appeal of the denial by failing to respond in a timely manner. §§ 552(a)(6)(A)(ii), (a)(6)(E)(iii); 28 C.F.R. §§ 16.5(e)(1)(ii), (e)(1)(iv). DOJ is improperly withholding an agency record that was requested by EPIC and subject to the FOIA. As alleged in the attached Declaration ("Tran Declaration"), the DOJ has failed to respond to

EPIC's Complaint or otherwise appear in the time provided by the Federal Rules of Civil

Procedure.

This Court should grant EPIC's motion for default judgment because (1) the DOJ has

failed to file an appearance or defend against EPIC's suit, because (2) EPIC has shown an urgent

need to obtain this record and provide it to the public to inform the ongoing U.S.-EU privacy

debate, and because (3) the record at issue in this case is a single document that the government

can easily identify and release.

## I.   EPIC Has Properly Served the Complaint and Established that the Department of Justice Has Violated the FOIA

EPIC is a public-interest research organization incorporated as a 501(c)(3) non-profit

corporation based in Washington, D.C. Compl. ¶ 4; Tran Decl. ¶ 2. EPIC conducts government

oversight and analyzes the impact of government programs on privacy and civil liberties. EPIC

publishes books, reports, and bi-weekly newsletters. Compl. ¶ 4; Tran Decl. ¶ 2. EPIC also

maintains a popular privacy website, epic.org, where EPIC publishes educational resources about

emerging privacy and civil liberties issues, including documents obtained from federal agencies

under the FOIA. Compl. ¶ 4; Tran Decl. ¶ 2. EPIC routinely disseminates information to the

public through its website and through a bi-weekly electronic newsletter, the EPIC Alert, as well

as other media outlets. Compl. ¶ 4; Tran Decl. ¶ 2. EPIC is a representative of the news media.

Compl. ¶¶ 4, 23; Tran Decl. ¶ 2.

### A.   DOJ Failed to Produce Documents in Response to EPIC's FOIA Request

On September 10, 2015, EPIC submitted a FOIA request to the DOJ via e-mail. In the

FOIA Request, EPIC sought production of the EU-U.S. "Umbrella Agreement," which

purportedly provides a framework for the transfer of personal data between EU and U.S. law

enforcement agencies. Compl. ¶¶ 6–19, 23; Tran Decl. ¶ 5. EPIC filed the FOIA Request with

the DOJ, the Department of Homeland Security, and the Department of State. Compl. ¶¶ 20–21. EPIC sought "News Media" fee status, waiver of all duplication fees, and expedited processing under the FOIA. Compl. ¶¶ 23–25. The Department of Homeland Security and the Department of State advised EPIC that both agencies referred EPIC's request to the DOJ. Compl. ¶¶ 26, 28. On October 8, 2015, the DOJ denied EPIC's request for expedited processing and stated that the FOIA request presented "unusual circumstances," but otherwise did not address the substance of EPIC's request. Compl. ¶ 27; Tran Decl. ¶ 9. EPIC appealed the agency's denial of expedited processing on October 16, 2015. Compl. ¶ 29; Tran Decl. ¶ 10.

In the three months since EPIC filed the FOIA request, the DOJ has provided no response beyond acknowledging receipt and denying EPIC's request for expedited processing. Compl. ¶¶ 27, 30–34. Tran Decl. ¶ 9. EPIC has not received any responsive records, or any indication that a search has been conducted or that the agency will produce responsive records. Tran Decl. ¶ 9.

Under the FOIA, the DOJ had a statutory obligation to make a determination regarding EPIC's FOIA Request within twenty business days. § 552(a)(6)(A)(i); 28 C.F.R. § 16.5. In short, the DOJ has failed to fulfill its obligations under the FOIA.

### B.  EPIC Perfected Its Complaint Against DOJ by Properly Serving The Agency, The Attorney General, and the U.S. Attorney

EPIC filed its Complaint in this action on November 4, 2015. As required by Federal Rule of Civil Procedure 4(i), EPIC served the U.S. Attorney for the District of Columbia, the Attorney General for the United States, and the Department of Justice via certified mail. Tran Decl. ¶ 11. EPIC confirmed receipt of the service packets through the United States Postal Service tracking system. *Id*. The U.S. Attorney for the District of Columbia, Attorney General for the United States, and the Department of Justice were served on November 16, 2015. *Id*.

Under the FOIA and Federal Rule of Civil Procedure 4(i), the Answer was due for all

Defendants by December 16, 2015. Aff. Mailing, ECF No. 11.

## II.  DOJ's Failure to Plead or Otherwise Defend Against EPIC's Complaint Warrants An Award of Default Judgment

Rule 55 sets out a two-step procedure for a party to obtain a default judgment against a

nonresponsive defendant. Fed. R. Civ. P. 55; *Swiss Inst. of Bioinformatics v. Glob. Initiative on*

*Sharing All Influenza Data*, 49 F. Supp. 3d 92, 96 (D.D.C. 2014). First, the clerk enters default

based on an affidavit filed by the plaintiff, then the plaintiff may move for a default judgment.

Fed. R. Civ. P. 55(b); *Swiss Inst. of Bioinformatics*, 49 F. Supp. 3d at 96. In addition, a plaintiff

seeking default judgment against the United States must establish "a claim or right to relief by

evidence that satisfies the court." Fed. R. Civ. P. 55(d).

### A.  The DOJ Has Failed to Appear or Provide Any Defense in This Case

The DOJ has failed to plead, answer, or otherwise appear prior to the December 16, 2015,

deadline. EPIC filed an affidavit for default on January 5, 2016. The Clerk entered a default

against the DOJ on January 6, 2016. Docket No. 13, Tran Decl. ¶ 14.

### B.  EPIC Has Provided Clear Evidence That the DOJ Has Violated the FOIA and that EPIC is Entitled to Relief

The FOIA "requires the release of government records upon request." *Boyd v. Exec. Off.*

*for U.S. Attorneys*, 2015 WL 7720461, at *3 (D.D.C. Nov. 30, 2015). The core function of FOIA

"is 'to ensure an informed citizenry, vital to the functioning of a democratic society, needed to

check against corruption and to hold the governors accountable to the governed.'" *Id.* (quoting

*NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)).

Disclosure of the US-EU Umbrella Agreement is in the public interest and will contribute

significantly to public understanding of operations or activities of the government. Compl. ¶¶ 14,

18–19. The U.S. and the E.U. finalized the "Umbrella Agreement" in September 2015, but the

agreement cannot go into effect until the U.S. Congress passes legislation giving E.U. citizens

judicial redress under the Privacy Act of 1974. Compl. ¶¶ 6, 8. The U.S. Congress is considering

the Judicial Redress Act of 2015, S. 1600, 114th Cong. (2015),[1] which may implement certain

provisions of the Umbrella Agreement. Compl. ¶¶ 7–8. The Senate Judiciary Committee is

scheduled to consider the Judicial Redress Act at its first business meeting in 2016. *See* Tran

Decl. ¶ 7; S. Jud. Comm., Results of Executive Business Meeting, at 1 (Dec. 10, 2015);[2] Katie

Bo Williams, *Senate Judiciary Delays Data Privacy Bill*, The Hill (Dec. 10, 2015).[3] This

important privacy negotiation between the United States and Europe is the impetus for

Congress's expeditious review of a law that will impact the rights of millions of individuals. Yet

no federal agency has released a copy of the Umbrella Agreement to the public, and therefore the

public cannot assess or otherwise participate meaningfully in the legislative debate. Compl. ¶ 7.

        In addition, the requested agreement concerns a framework for government transfer of

personal information about Europeans and Americans in transatlantic criminal and terrorism

investigations. *See* Compl. ¶ 6. As subjects of the proposed data transfers, the American public

has a keen interest in the content of the Agreement. *See* Compl. ¶¶ 18–19.

        This debate is also coinciding with a pivotal period in U.S.-E.U. privacy relations.

Compl. ¶¶ 15–17; Tran Decl. ¶ 7–8. On October 6, 2015, the Court of Justice of the E.U. held

invalid the Safe Harbor Arrangement of 2000, which similarly enabled data transfers from the

E.U. to the U.S. Compl. ¶ 16; Tran Decl. ¶ 8. U.S. and E.U. officials are currently negotiating a

replacement legal framework, set to be finalized in January 2016. Compl. ¶¶ 16–17; Tran Decl. ¶

---

[1] *Available at* https://www.congress.gov/bill/114th-congress/senate-bill/1600.
[2] *Available at*
https://www.judiciary.senate.gov/imo/media/doc/Results%20of%20Executive%20Business%20
Meeting%20-%2012-10-15.pdf.
[3] http://thehill.com/policy/cybersecurity/262846-senate-judiciary-delays-data-privacy-bill.

8. The "Umbrella Agreement" plays a significant role in this larger debate about U.S. and EU privacy and data policies. Compl. ¶ 16; Tran Decl. ¶ 8.

EPIC has requested a copy of the "Umbrella Agreement," a single document that the DOJ can easily identify and release, and explained to the agency the urgency of obtaining the record. Tran Decl. ¶ 3. As an organization primarily engaged in disseminating information, EPIC is well positioned to distribute the "Umbrella Agreement" to the public. *See* Compl. ¶¶ 23–25.

EPIC has requested a single document in the possession of the agency that provides the basis for legislation currently under consideration by the Congress. Yet the DOJ has not provided any substantive response to the request or appeared in this suit. The DOJ has failed entirely to meet its statutory obligations. Unlike an ordinary agency action, which "must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden on the agency to sustain its action and directs the district courts to determine the matter *de novo*." *Long v. Immig. and Cust. Enf't*, 2015 WL 8751005, at *4 (D.D.C. Dec. 14, 2015) (quoting *DOJ v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 755 (1989)).

## CONCLUSION

DOJ has failed to answer, defend, or even appear in this case, and has violated the FOIA. As a result, this Court should enter a default judgment against the agency and order the DOJ to search for and disclose all non-exempt, responsive records.

Respectfully submitted,

Marc Rotenberg, D.C. Bar # 422825
EPIC President

Alan Butler, D.C. Bar # 1012128
EPIC Senior Counsel

Dated: January 6, 2016

_____/s/ T. John Tran_____

T. John Tran, D.C. Bar # 1027767

ELECTRONIC PRIVACY

INFORMATION CENTER

1718 Connecticut Avenue, N.W.

Suite 200

Washington, D.C. 20009

(202) 483-1140 (telephone)

(202) 483-1248 (facsimile)