*EPIC v. DOJ*, No. 15-cv-01955-TSC
Plaintiff's Motion for Default Judgment

# Exhibit A

ELECTRONIC PRIVACY INFORMATION CENTER

# epic.org

VIA EMAIL
MRUFOIA.Requests@usdoj.gov

September 10, 2015

FOIA/PA Mail Referral Unit
Department of Justice
Room 115
LOC Building
Washington, DC 20530-0001

1718 Connecticut Ave NW

Suite 200

Washington DC 20009

USA

+1 202 483 1140 [tel]

+1 202 483 1248 [fax]

www.epic.org

Dear FOIA Officer:

     This letter constitutes a request under the Freedom of Information Act ("FOIA"),
5 U.S.C. § 552, and is submitted on behalf of the Electronic Privacy Information Center
("EPIC") to the Department of Justice.

     EPIC seeks the European Union-United States data protection "Umbrella
Agreement" (Agreement), a framework for EU-US law enforcement cooperation.

Document Requested

     The EU-US Umbrella Agreement on the data protection framework for EU-US
law enforcement cooperation.

Background

     According to a press release published this week, the United States and the
European Union entered into an agreement for the transfer of personal data between US
and EU law enforcement agencies.[1] The Agreement follows from a European Parliament
initiative that called for a EU-US framework for the protection of personal data
transferred in law enforcement investigations.[2] In May 2010, the Commission proposed a

---

[1] *See* Press Release, Questions and Answers on the EU-US data protection "Umbrella agreement",
European Commission (Sept. 8, 2015), http://europa.eu/rapid/press-release_MEMO-15-
5612_en.htm.
[2] Eur. Parl. Doc. (2009/2199(INI)),
http://eur-lex.europa.eu/LexUriServ/LexUriServ.do?uri=OJ:C:2010:117E:0198:0206:EN:PDF

EPIC FOIA Request           1           EU-US "Umbrella Agreement"

draft mandate for negotiating such an agreement,[3] and negotiations officially began in March of 2011.[4]

According to published news reports, EU and US officials have this week concluded negotiation over the Agreement.[5] Further, on September 8, 2015, EU Commissioner Věra Jourová stated publicly that the parties "have *finalised* negotiations with the US on high data protection standards for transatlantic law enforcement cooperation."[6] Also on September 8, 2015, Representative James Sensenbrenner (R-WI) announced that "negotiations between the United States of America and the European Union regarding data protection standards have *ended* in an Umbrella Agreement."[7]

Significantly, the Agreement requires enactment of amendments to the US Privacy Act of 1974 before it will have legal effect. Legislation currently pending in both the United States Senate and the United States House of Representatives seeks to implement key provisions of the Agreement.[8]

Expedited Processing

This request warrants expedited processing because (1) it is made by "a person primarily engaged in disseminating information" and (2) it pertains to a matter about which there is an "urgency to inform the public about an actual or alleged federal government activity."[9]

---

3 European Commission Press Release, IP/10/609, *European Commission Seeks High Privacy Standards in EU-US Data Protection Agreement* (May 26, 2010), http://europa.eu/rapid/press-release_IP-10-609_en.htm?locale=en.

4 European Commission Memorandum, *EU-US Negotiations on an Agreement to Protect Personal Information Exchanged in the Context of Fighting Crime and Terrorism* (Mar. 29, 2011), http://europa.eu/rapid/press-release_MEMO-11-203_en.htm?locale=fr.

[5] *See* Dustin Volz, *U.S. and Europe Forge Data-Protection Deal for Terrorism Cases*, National Journal (Sept. 8, 2015), http://www.nationaljournal.com/tech/2015/09/08/u-s-europe-forge-data-protection-deal-terrorism-cases.

6 European Commission Press Release, STATEMENT/15/5610, *Statement by EU Commissioner Věra Jourová on the finalisation of the EU-US negotiations on the data protection "Umbrella Agreement"* (Sept. 8, 2015), http://europa.eu/rapid/press-release_STATEMENT-15-5610_en.htm (emphasis added).

7 Press Release, Jim Sensenbrenner, *Judicial Redress Act Final Step in Umbrella Agreement with EU* (Sept. 8, 2015) http://sensenbrenner.house.gov/news/documentsingle.aspx?DocumentID=397867 (emphasis added).

[8] Judicial Redress Act of 2015, S. 1600, 114th Cong. (2015); Judicial Redress Act of 2015, H.R. 1428, 114th Cong. (2015).

[9] 5 U.S.C. § 552(a)(6)(E)(v)(II) (2008); *Al-Fayed v. CIA*, 254 F.3d 300, 306 (D.C. Cir. 2001).

EPIC FOIA Request                         2                    EU-US "Umbrella Agreement"

EPIC is "primarily engaged in disseminating information."[10] Further, EPIC has published articles and analysis on US-EU data transfers.[11] EPIC has advised Congress and government agencies as to proposed changes to the Privacy Act of 1974.[12] And EPIC has recommended that the Privacy Act be amended to create legal safeguards for non-US persons whose personal information is acquired by federal agencies.[13]

The "urgency to inform the public" is highlighted by the fact that legislation is currently pending in both the United States Senate and the United States House of Representatives that would implement key provisions of the Agreement. For the Agreement to take effect, Congress must pass a bill such as the Judicial Redress Act that would extend certain provisions of the Privacy Act of 1974 to non-US persons.[14] Such measures have been introduced in the Senate—co-sponsored by Senator Orrin Hatch (R-UT) and Senator Chris Murphy (D-Conn.) and in the House of Representatives—co-sponsored by Rep. James Sensenbrenner (R-WI) and Rep. John Conyers (D-MI).[15]

There is also an "urgency to inform the public" about the contents of the Agreement because the record sought concerns a framework for government transfer of personal information about Europeans and Americans in transatlantic criminal and terrorism investigations. The urgency of this issue is indicated by articles published this week concerning the Agreement.[16] Until the Agreement is released, the public is unable to meaningfully assess the adequacy of the government's framework for the protection of personal data, or to participate in the legislative debate now underway in Congress.

---

[10] *American Civil Liberties Union v. Department of Justice*, 321 F. Supp. 2d 24, 29 n.5 (D.D.C. 2004) ("[T]he Court concludes that EPIC is indeed "primarily engaged in disseminating information" for the purposes of expediting the request.").

[11] *See* Marc Rotenberg & David Jacobs, *Updating the Law of Information Privacy: The New Framework of the European Union*, 36 Harv. J.L. & Pub. Pol'y 605 (2013).

[12] Letter from EPIC to Sen. Daniel Akaka, Chairman of Subcomm. on Oversight Gov't Mgmt. (May 12, 2012), https://epic.org/privacy/1974act/EPIC-Supp-S1732-Priv-Act-Modernization.pdf; Letter from EPIC to Privacy Civ. Liberties Oversight Bd. (Nov. 11, 2014), https://epic.org/open_gov/EPIC-Ltr-PCLOB-Defining-Privacy-Nov-11.pdf.

[13] Marc Rotenberg, *On International Privacy: A Path Forward for the US and Europe*, 35 Harv. Int'l Rev. 24 (2014), http://hir.harvard.edu/archives/5815.

[14] *See* Press Release, Murphy, Hatch Introduce Judicial Redress Act of 2015 (June 17, 2015) http://www.murphy.senate.gov/newsroom/press-releases/murphy-hatch-introduce-judicial-redress-act-of-2015.

[15] Judicial Redress Act of 2015, S. 1600, 114th Cong. (2015); Judicial Redress Act of 2015, H.R. 1428, 114th Cong. (2015).

[16] *See, e.g., What the E.U.-U.S. Umbrella Agreement Does—And Does Not—Mean for Privacy*, Access (Sept. 10, 2015), https://www.accessnow.org/blog/2015/09/10/what-the-e.u.-u.s.-umbrella-agreement-does-and-does-not-mean-for-privacy; Heather Greenfield, *CCIA Welcomes EU-US Data Transfer Agreement*, Computer & Comm. Indus. Assoc. (Sept. 8, 2015), http://www.ccianet.org/2015/09/ccia-welcomes-eu-us-data-transfer-agreement/.

EPIC FOIA Request                              3                    EU-US "Umbrella Agreement"

Request for "News Media" Fee Status and Fee Waiver

      EPIC is a "representative of the news media" for fee classification purposes.[17] Based on EPIC's status as a "news media" requester, EPIC is entitled to receive the requested record with only duplication fees assessed.[18]

Further, because disclosure of this information will "contribute significantly to public understanding of the operations or activities of the government," any duplication fees should be waived.[19] According to the agency's regulations, a fee waiver should be granted because (i) the subject of the request concerns "identifiable operations or activities of the Federal government"; (ii) disclosure is "meaningfully informative about government operations or activities," and the information is not already is in the public domain; (iii) the disclosure "will contribute to the understanding of a reasonably broad audience of persons interested in the subject," and EPIC has the "expertise in the subject area and ability and intention to effectively convey information to the public"—as the agency notes, "It shall be presumed that a representative of the news media will satisfy this consideration"; and, (iv) the disclosure of the Agreement will enhance the public's understanding "to a significant extent."[20]

Conclusion

      Thank you for your consideration of this request. As provided in 5 U.S.C. § 552(a)(6)(E)(ii)(I), I will anticipate your determination on our request within ten business days. For questions regarding this request I can be contacted at 202-483-1140 x104 or FOIA@epic.org.

Respectfully Submitted,

Fanny Hidvegi
EPIC International Privacy Fellow

John Tran
EPIC FOIA Counsel
Coordinator, Open Government Project

---

[17] *EPIC v. Department of Defense*, 241 F. Supp. 2d 5 (D.D.C. 2003).
[18] 5 U.S.C. § 552(a)(4)(A)(ii)(II).
[19] § 552(a)(4)(A)(iii).
[20] *See* 28 C.F.R. § 16.10(k)(2).