*EPIC v. DOJ*, No. 15-cv-01955-TSC
Plaintiff's Motion for Default Judgment

# Exhibit E

ELECTRONIC PRIVACY INFORMATION CENTER

# epic.org

October 16, 2015

VIA E-MAIL
crm.foia@usdoj.gov

Kenneth Courter
Criminal Division, U.S. Department of Justice
Suite 1127, Keeney Building, 950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

1718 Connecticut Ave NW
Suite 200
Washington DC 20009
USA
+1 202 483 1140 [tel]
+1 202 483 1248 [fax]
www.epic.org

**RE: Freedom of Information Act Appeal, FOIA Request No. CRM-300499975**

Dear Mr. Courter:

    This letter constitutes an appeal under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(6)(A),[1] and is submitted to the Criminal Division, U.S. Department of Justice, by the Electronic Privacy Information Center ("EPIC").

    EPIC seeks the European Union-United States data protection "Umbrella Agreement" (Agreement). This letter appeals the decision of the Department of Justice (DOJ) to deny expedited processing of EPIC's request.

    This appeal arises from EPIC's September 10, 2015, request ("EPIC's FOIA Request") to the DOJ for the Agreement on the data protection framework for EU-US law enforcement cooperation.

*Procedural Background*

    On September 10, 2015, EPIC submitted via fax EPIC's FOIA Request.[2] Included was a request for expedited treatment and a waiver of all assessable FOIA fees.

    On October 8, 2015, DOJ wrote to EPIC, acknowledging receipt of EPIC's FOIA Request and assigning it the FOIA Reference Number CRM-300499975.[3]

---

[1] *See also,* 6 C.F.R. § 5.9(a).
[2] *EPIC's FOIA Request* (*See* Appendix A).
[3] *Department of Justice's Response of FOIA Request* (*See* Appendix B).

EPIC FOIA Appeal               1               EU-US Umbrella Agreement

DOJ acknowledges that EPIC "requested expedited processing of [EPIC's] request pursuant to the Department's standard permitting expedition for requests involving '[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information.'"[4]

The agency denied EPIC's request for expedited processing because, "based on the information [EPIC] ha[s] provided, DOJ "cannot identify a particular urgency to inform the public about an actual or alleged federal government activity beyond the public's right to know about government activities generally." DOJ also informed EPIC that EPIC's request has been assigned to the complex track, and EPIC may "narrow the scope of [EPIC's] request to limit the number of potentially responsive records."

*EPIC Appeals DOJ's Denial of Expedited Processing*

EPIC specifically appeals DOJ's conclusory assertion that DOJ "cannot identify a particular urgency to inform the public about an actual or alleged federal government activity" "based on the information [EPIC] ha[s] provided".

Section 16.5 (e)(1) of DOJ's FOIA regulation states that Requests and appeals shall be processed on an expedited basis whenever it is determined that they involve:

> (i) Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual;
> (ii) An urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information;
> (iii) The loss of substantial due process rights; or
> (iv) A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence.

§16.5 (e) (3) further states that a "requester who seeks expedited processing must submit a statement, certified to be true and correct, explaining in detail the basis for making the request for expedited processing. For example, under paragraph (e)(1)(ii) of this section, a requester who is not a full-time member of the news media must establish that the requester is a person whose primary professional activity or occupation is information dissemination, though it need not be the requester's sole occupation. Such a requester also must establish a particular urgency to inform the public about the government activity involved in the request—one that extends beyond the public's right to know about government activity generally. The existence of numerous articles published on a given subject can be helpful in establishing the requirement that there be an "urgency to inform" the public on the topic. As a matter of administrative discretion, a component may waive the formal certification requirement."

---

[4] Production or Disclosure of Material or Information, 80 Fed. Reg. 18099, 18108 (Apr. 3, 2015) (to be codified at 28 C.F.R. pt. 16.5(e)(1)(ii))

EPIC does not argue that EPIC's FOIA request falls under the categories of imminent threat to the life or physical safety of an individual; substantial humanitarian reasons; or loss of substantial due process rights.

EPIC appeals the DOJ's determination that EPIC's FOIA Request did not satisfy §16.5 (e)(1)(ii) to warrant expedited processing. EPIC satisfies the criterion that the information is urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity because (1) due to the pending legislation detailed in EPIC's FOIA Request the information is urgently needed, (2) EPIC is primarily engaged in disseminating information and (3) pending legislation falls under the category of Federal Government activity.

DOJ dismissed EPIC's statement without asserting any specific facts to support the agency's determination. Contrary to DOJ's conclusion that EPIC's FOIA Request did not meet the criterion to identify a "particular urgency to inform the public about an actual or alleged federal government activity beyond the public's right to know about government activities generally" based on the information EPIC has provided, the request specifically enumerates a number of facts and circumstances that justify a finding of urgency, including bipartisan legislation currently pending in the U.S. Senate and U.S. House of Representatives that relies on the Agreement, as well as multiple news articles written about the Agreement.[5] The existence of pending legislation and widespread news coverage regarding the Agreement demonstrates that EPIC does, in fact, have a timely interest in disseminating information related to the Agreement. In addition, should the legislation pass without an informed discussion by the public, it is possible that real harm may result from the lost opportunity for public participation. Without any specific support, the DOJ's failure to grant expedited processing is a conclusory denial.

Controlling caselaw in the D.C. Circuit also supports a grant of EPIC's expedited processing request. In *Al-Fayed v. CIA*, the U.S. Court of Appeals analyzed three factors to determine whether expedition was appropriate: (1) whether the request "concerns a matter of current exigency to the American public"; (2) whether "the consequences of delaying a response would compromise a significant recognized interest"; and (3) whether "the request concerns federal government activity." The court also noted that further consideration can be given to the "credibility of the requestor."[6]

The first and second factors are satisfied here. As explained in detail in EPIC's FOIA Request, the Umbrella Agreement, which concerns the transnational transfer of personal information, lies at the heart of pending federal legislation—the Judicial Redress Act—that will significantly alter the scope of the Privacy Act of 1974.[7] Failure to disclose the Agreement will severely compromise the American public's interest in an informed debate on the legislation's merits. Should the legislation pass without an informed public debate, it is possible that real harm may result from the lost opportunity for public participation. Therefore, EPIC's FOIA request both (1) "concerns a matter of current exigency to the American public" and (2) "the consequences of delaying a response would compromise a significant recognized interest." The

---

[5] *EPIC's FOIA Request* (*See* Appendix A).
[6] *Al-Fayed v. CIA*, 254 F.3d 300, 310 (D.C. Cir. 2001).
[7] EPIC FOIA Request at 2.

third factor, which requires that (3) the request involve some federal government activity, is easily met: the requested document is an agreement between the United States government and the European Union. Moreover, the timing of EPIC's FOIA request is also connected to a federal government activity, namely the ongoing legislative process with regard to the Judicial Redress Act. Additionally, EPIC's decades of work creating FOIA requests for the purpose of public education, as well as the academic literature produced by its Advisory Board, leaves no doubt as to its credibility. Because EPIC's request satisfies all three of these factors, and because EPIC itself is a credible requestor, EPIC'S FOIA Request warrants expedited processing under the D.C. Circuit's standard.

EPIC's request for expedited processing is also supported by §16.5(e)(3) because EPIC provided information to prove the "particular urgency to inform the public about the government activity involved in the request—one that extends beyond the public's right to know about government activity generally. Additionally, EPIC's request also meets the standard of the agency that "the existence of numerous articles published on a given subject can be helpful in establishing the requirement that there be an 'urgency to inform' the public on the topic".

As stated in EPIC's FOIA Request, approval and enactment of the EU-US Agreement would require the passing of a bill, a version of which has been introduced with bipartisan support in both the House and Senate. Without allowing access to the text of the Agreement, it is impossible for the American public to have an informed discussion on the matter, hamstringing the capacity of the American people to make their voices heard and expressed through their elected representatives. That fundamental cornerstone of American democracy must be considered "a significant recognized interest" for the FOIA, a law enacted to ensure that citizens are informed about the activities of their government, to carry any significance.

For the forgoing reasons the EPIC's request for expedited processing should be granted.

*Conclusion*

For the forgoing reasons, EPIC's request for expedited processing should be granted. As provided by FOIA, I anticipate you will make an "expeditious" determination but no later than within twenty (20) working days.[8]

Thank you for your consideration of this appeal. For questions, I can be contacted at 202-483-1140 x104 or FOIA@epic.org.

Respectfully Submitted,

Fanny Hidvegi
EPIC International Law Fellow

---

[8] 5 U.S.C. § 552(a)(6)(A)(ii).