# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELECTRONIC PRIVACY | ) | |
|     INFORMATION CENTER, | ) | |
| | ) | Case No. 1:15-cv-01955-TSC |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| UNITED STATES | ) | |
|     DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME AND TO RESCHEDULE STATUS CONFERENCE

Plaintiff Electronic Privacy Information Center ("EPIC") opposes Defendant Department of Justice's ("DOJ") Motion for Extension of Time, filed January 21, 2016. ECF No. 17. The Court has set a date of February 1, 2016 for a critical status conference. The agency has had more than four months to process a single document in its possession that is now the subject of specific legislative consideration in the United States Senate. Further delay prejudices plaintiff and rewards the agency's negligence. Because the agency offers no "good cause" for extending time, Fed. R. Civ. P. 6(b)(1), the motion should be denied. EPIC further states the following:

1.    In this case, EPIC seeks the release of a single record in the DOJ's possession: the EU-US Umbrella Agreement. Compl. ¶ 2, ECF No. 1; Def.'s Mot. for Extension ¶ 6.

2.    EPIC's submitted this very precise FOIA request to the agency on September 15, 2016. Compl. ¶ 20.

3.    Citing imminent congressional action on the Umbrella Agreement, EPIC sought expedited processing of the request. *See* Compl. ¶ 6–19. On October 8, 2015, the DOJ denied

EPIC's request for expedited processing and did not indicate it would begin the processing of EPIC's FOIA request. Pl.'s Mot. for Default J. at 4, ECF No. 14.

4.  After the agency missed the deadlines established by the FOIA, EPIC promptly filed suit on November 4, 2015. *See* Compl. As required by Federal Rule of Civil Procedure 4(i), EPIC properly served the U.S. Attorney for the District of Columbia, the Attorney General for the United States, and the Department of Justice via certified mail. *Id.* at 4.

5.  The DOJ failed to plead, answer, or otherwise appear prior to the Court's December 16, 2015 deadline. EPIC then filed an affidavit for default on January 5, 2016. The Clerk entered a default against the DOJ on January 6, 2016. Docket No. 13. EPIC moved for default judgment against the agency on the same day. *See* Pl.'s Mot. for Default J.

6.  The Court ordered the DOJ to respond to EPIC's Motion for Default Judgment by January 25, 2016. Minute Order (Jan. 8, 2016). The Court also scheduled a status conference for February 1, 2016. Minute Order (Jan. 20, 2016).

7.  Meanwhile consideration of the Judicial Redress Act, which would implement certain provisions of the Umbrella Agreement moved forward in Congress. On October 20, 2015, H.R. 1428 was passed without amendment. On October 21, 2016 the bill was received in the Senate and read twice and referred to the Committee on the Judiciary. H.R. 1428 was scheduled to be considered by the Senate Judiciary Committee at the Executive Committee meeting on December 2, 2015.[1] The bill was held over but placed on the agenda for the Executive Committee meeting on January 21, 2016.[2]

---

[1] http://www.judiciary.senate.gov/meetings/executive-business-meeting-12-3-15
[2] http://www.judiciary.senate.gov/meetings/executive-business-meeting-01-18-16

8.      On January 14, 2016 EPIC wrote to Chairman Grassley and Ranking Member Patrick Leahy and respectfully urged the Senate Judiciary Committee to postpone action on S. 1600, the Judicial Redress Act of 2016, pending release of the Umbrella Agreement.

9.      On January 21, 2016, the Senate Judiciary Committee again postponed consideration of the Judicial Redress Act. Katie Bo Williams, *European Data Privacy Bill Delayed in Senate*, The Hill (Jan. 21, 2016).[3]

10.      Now after failing to to process EPIC's FOIA request and failing to answer EPIC's complaint, DOJ asks the Court to disregard yet another deadline while legislation concerning a text in its possession is pending before the United States Senate.

11.      The Court has discretion to extend time where the moving party's request is supported by "good cause." Fed. R. Civ. P. 6(b)(1). The DOJ has failed to provide any cause, much less "good" cause, to justify further delay in these proceedings, particularly where delay will prejudice Plaintiff's interest in disclosure of the requested record. *See* Pl.'s Mot. for Default J. 5–7.

12.      The DOJ argues that because it "expects to make a determination regarding the [Umbrella Agreement]" by the proposed February 8th deadline, the Court should permit the agency to postpone its deadline to respond to EPIC's Motion for Default Judgment. Def.'s Mot. for Extension ¶ 7. But the agency's duty to process EPIC's FOIA request is wholly independent from its obligation to respond to the default judgment motion. The DOJ should be acting on both activities concurrently, and offers no reasons why it cannot.

13.      The agency also cites "the anticipated weather event" as a reason for further delay. *Id.* at ¶ 6. The DOJ, however, has had more than four months to process EPIC's FOIA request. The notion that the agency's processing of a single document would hinge on a half-day

---

[3] http://thehill.com/policy/cybersecurity/266567-european-data-privacy-bill-delayed-in-senate.

closure of agency offices strains credulity and rings hollow. *See Snow and Dismissal Procedures, Current Status,* Office of Personnel Management.[4]

14.     EPIC has taken every opportunity provided by the statute to make clear the urgency of this matter. Yet the agency has missed every statutory deadline, and now seeks further delay.

15.     Because the DOJ has failed to provide this Court with "good cause" to warrant an extension of time in this matter, the agency's motion should be denied.

For the forgoing reasons, Plaintiff respectfully asks the Court to deny Defendant's Motion for Extension of Time and to Reschedule Status Conference.

Respectfully submitted,

MARC ROTENBERG, D.C. Bar # 422825
EPIC President

Alan J. Butler, D.C. Bar # 1012128
EPIC Senior Counsel

   */s/ T. John Tran*
T. John Tran, D.C. Bar # 1027767
ELECTRONIC PRIVACY INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

*Counsel for Plaintiff*

Dated: January 22, 2016

---

[4] https://www.opm.gov/policy-data-oversight/snow-dismissal-procedures/current-status/ (last visited Jan. 22, 2016).