UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | Case No. 15-cv-1955 (TSC) ) ) |
| U.S. DEPARTMENT OF JUSTICE, | ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM OPINION**

In this case brought under the Freedom of Information Act ("FOIA"), Plaintiff Electronic Privacy Information Center ("EPIC") moves for attorney fees against the U.S. Department of Justice ("DOJ"). For the reasons stated herein, Plaintiff's motion for attorney fees is DENIED.

**I.    BACKGROUND**

On September 10, 2015, EPIC submitted a FOIA request to DOJ for a copy of the "Umbrella Agreement," an agreement between the European Union and the United States for transferring personal information in transatlantic criminal and terrorism investigations. (ECF No. 14-2). EPIC additionally requested expedited processing of its FOIA request. (*Id.* at 2–3). DOJ denied EPIC's request for expedited processing on October 8, 2015, and stated that because the request presented "unusual circumstances" and was complex, processing would take at least a month. (ECF No. 14-5). On October 16, 2015, EPIC appealed the denial of expedited processing, but received no response. (ECF No. 14-6).

EPIC commenced the present lawsuit on November 4, 2015. DOJ failed to timely file its Answer to EPIC's Complaint, and, after request from EPIC (ECF No. 12), the Clerk entered a

default against the DOJ on January 6, 2015.  (ECF No. 13).  EPIC then moved for a default judgment that same day.  (ECF No. 14).  DOJ entered an appearance and requested additional time to file its response, which the court granted, allowing until January 29, 2016.  On January 28, 2016, the parties jointly requested that the court vacate the entry of default and deny as moot the motion for default judgment, as DOJ had provided the requested Umbrella Agreement in full to EPIC on January 25, 2016.  (ECF No. 19).  In its letter providing the document to EPIC, DOJ stated that while the document was likely subject to Exemption 5 for inter- and intra-agency communications protected by the deliberative process privilege because it was still in draft form, it was releasing the document because it was aware that EPIC had already obtained a copy of the document from the European Commission and that the European Commission had posted the agreement publicly on its website.  (ECF No. 19-1).  The court granted the parties' request and denied EPIC's motion as moot on January 29, 2016.  Plaintiff now requests an award of $21,408.15 from DOJ for fees and $400 for expenses in this litigation.  (ECF No. 21).

## II.     ANALYSIS

FOIA provides that courts "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E)(i).  This language divides the attorney fee inquiry into two prongs, which this Circuit has long described as "eligibility" and "entitlement."  *Brayton v. Office of the U.S. Trade Rep.*, 641 F.3d 521, 524 (D.C. Cir. 2011) (citing *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 470 F.3d 363, 368–69 (D.C. Cir. 2006)).  The eligibility prong asks whether a plaintiff has "substantially prevailed" and thus "may" receive fees.  *Id.*  Under FOIA, a party has "substantially prevailed" by obtaining relief through either "a judicial order, or an enforceable written agreement or consent decree" or "a voluntary or unilateral

change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii)(I)–(II).

Because this court never considered the merits of this case or entered an order directing DOJ to process or release documents, EPIC's position is that it has substantially prevailed under this second provision, involving a voluntary or unilateral change in position by DOJ. The D.C. Circuit refers to this as the "'catalyst theory' of fee eligibility, under which 'FOIA plaintiffs [are] eligible for a fee award if the lawsuit substantially caused the agency to release the requested records,' regardless of whether the plaintiff obtained any court-ordered relief." *Judicial Watch, Inc. v. DOJ*, 878 F. Supp. 2d 225, 231 (D.D.C. 2012) (quoting *Davis v. DOJ*, 610 F.3d 750, 752 (D.C. Cir. 2010)). The plaintiff has the burden to demonstrate that "the lawsuit was reasonably necessary and the litigation *substantially caused* the requested records to be released." *Burka v. HHS*, 142 F.3d 1286, 1288 (D.C. Cir. 1998) (emphasis added). Therefore, without more, "the mere filing of the complaint and subsequent release of the documents is insufficient to establish causation." *Weisberg v. DOJ*, 745 F.2d 1476, 1496 (D.C. Cir. 1984). District courts must "look at the circumstances surrounding disclosure" to determine whether causation exists. *Conservation Force v. Jewell*, 160 F. Supp. 3d 194, 202 (D.D.C. 2016) (quoting *Citizens for Responsibility & Ethics in Wash. v. DOJ*, 83 F. Supp. 2d 297, 303 (D.D.C. 2015)).

The court's causation analysis is inherently fact-specific. Plaintiffs in this Circuit have succeeded in establishing causation where an agency admitted that it made its decisions about which documents to release based on its litigation research and preparation, *see Judicial Watch*, 878 F. Supp. 2d at 232–33, or where the agency changed its position on whether certain exemptions applied in the course of litigation and provided the requested documents, *see Dorsen v. SEC*, 15 F. Supp. 3d 112, 115–16, 119–20 (D.D.C. 2014). Courts have declined to find

causation where an agency began processing a FOIA request before the lawsuit and released the documents months after the filing of the Complaint, *see Calypso Cargo Ltd. v. U.S. Coast Guard*, 850 F. Supp. 2d. 1, 4–6 (D.D.C. 2011); where the plaintiff's FOIA requests were processed prior to the filing of the lawsuit, *Bigwood v. DIA*, 770 F. Supp. 2d 315, 321 (D.D.C. 2011); or where the agency's release of documents after the complaint was "a purely chronological matter," *see Conservation Force*, 160 F. Supp. 3d at 206.

      Here, EPIC argues it is eligible for attorney fees under the catalyst theory because DOJ released the requested document "with uncommon speed" after it commenced this litigation, and specifically did so after DOJ was ordered to respond to EPIC's motion for default judgment. Before EPIC filed this suit, DOJ's Criminal Division FOIA Unit responded to EPIC's September 10 request by a letter dated October 8, 2015. (*See* ECF No. 14-5). This letter acknowledged the September 10 FOIA request, stated that the Criminal Division had received it on October 7, and explained that EPIC's request for expedited processing was denied because there was no "particular urgency to inform the public." (*Id.*). The letter also explained that because the FOIA request required searching another office, it was categorized as involving "unusual circumstances" and further identified as "complex," meaning the process of searching for and producing the document would likely take over a month. (*Id.*). In its October 8 letter, DOJ did not deny the FOIA request or indicate that it would not produce the document; instead, it merely notified EPIC that it was still at the beginning of a process that would take at least a month. Less than four weeks later, after not receiving a response to its October 16 appeal of the expedited processing denial, EPIC filed this lawsuit.

      The record in this case shows that DOJ was diligently searching for and evaluating the release of the document from the time the FOIA Unit of the Criminal Division received the

request on October 7, 2015, approximately a month before this lawsuit began, until when it released the Umbrella Agreement to EPIC on January 25, 2016.  (Decl. of Amanda Jones ¶¶ 8–15 (ECF No. 22-4)).  The FOIA Unit was not notified of this lawsuit until January 8, 2016, approximately three months after it was assigned the request, identified the document, and began the process of consulting with other agencies and divisions to determine whether to release the document, since it was a draft version of an international agreement.  (*Id.* ¶¶ 12–15).  These facts, without more evidence from EPIC, fail to establish that DOJ delayed or refused to provide the requested document, or that this litigation was a catalyst for the January 25 document production in any way.  Because EPIC filed its suit on November 4, 2016 and by DOJ's calculation it had until November 6, 2016 to initially respond to EPIC's request, DOJ argues that EPIC's lawsuit was unnecessary and premature.[1]  This court agrees.  In light of the record in this case, the court concludes that EPIC's litigation was not causally related to DOJ's release of the Umbrella Agreement, and thus EPIC did not substantially prevail in this litigation as required to be eligible for attorney fees.  Therefore, EPIC's motion for attorney fees is hereby denied.

### III.   CONCLUSION

For the foregoing reasons, EPIC's motion for attorney fees is DENIED.

Date:  October 5, 2016

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[1] DOJ points this court to the D.C. Circuit's long-established rule that "courts should not dole out fee awards to plaintiffs who bring FOIA lawsuits that cannot survive summary judgment," *Brayton*, 641 F.3d at 526–28, and a court may consider a plaintiff's likely success in a dispositive motion in its fee analysis, even if the dispositive motion was never decided.  Here, DOJ asks the court to find that EPIC failed to exhaust its administrative remedies before filing this suit because EPIC filed its Complaint on November 4 when DOJ's response was not due until November 6.  However, the court need not engage in this analysis given its findings on the lack of causation between this lawsuit and DOJ's release of the requested document.